## COMSTOCK *v.* HERRON *et al.*

(*Circuit Court, S. D. Ohio, W. D.* April 23, 1891.)

EQUITY—PLEADING—RESPONSIVE AVERMENTS.

    Where a bill against the executors and trustees under a will charges them with having delayed, neglected, and refused to invest a certain sum as directed by the will, and to pay the income to complainant, the averments in the answer that defendants' conduct was known to and approved by complainant, and that she had never, until shortly before the suit, requested the investments to be made, are responsive to the bill, and will not be stricken out on exceptions.

In Equity.

*Matthews & Cleveland,* for complainant.

*John W. Herron* and *R. B. Rowlin,* for respondents.

SAGE, J. This cause is before the court upon exceptions to the answer of the respondents Herron and Fisher. The bill charges that as executors and trustees under the will of Margaret Poor, deceased, they have delayed, neglected, and refused, and still delay, neglect, and refuse, to invest the sum of $56,667, as directed by the will, in productive real estate and mortgages or interest-bearing stocks and bonds, and to pay the income therefrom to the complainant. The respondents answer, denying the averments, and stating that they have never been requested until the present year, by the complainant or any other persons, to make said investments, and that, on the contrary, it was well known to the complainant that they were proceeding as rapidly as possible to convert the estate into money or productive property, so as to make said investments; also that their entire conduct in this matter was fully known to the complainant, and approved by her, and that she has never expressed the least dissatisfaction in reference thereto. To these averments the complainant excepts. They are directly and properly responsive to the charge of the bill. I do not think that the respondents, when charged with dereliction of duty and violation of their trust, ought to be limited to a simple denial, and to be precluded from setting up that not only was no objection made by the complainant, but that she approved their entire conduct in this matter. While it may be true that that may not affect the final decree in this case, I think the trustees are entitled to relieve themselves from the imputations which are at least implied by the averments of the bill. Moreover, these averments of the answer are directly responsive to the charge that the respondents refused to make investments. The same line of remark applies to the portions of the answer in which the respondents state that they were assisted by the complainant in their efforts to sell the Newport cottage; she being familiar with it, and owning the furniture in it. Without entering into detail, it is enough to say generally that the bill charges the trustees with neglecting their duties and refusing to carry out the provisions of the will, and that by their failure to execute the trusts reposed in them the estate is constantly being depleted, and that there is danger of the

destruction of the distributive share of the complainant, and, further, that they have mingled the trust moneys of the estate coming into their hands as trustees and executors with their own money and property, instead of keeping the same separate and apart, by reason whereof the money and property of the estate is likely to be confused, so that it cannot be separated from other funds. The averments of the answer to which exceptions are taken are in response to these wholesale charges, with reference to which the respondents have a right to vindicate themselves. It was said, in substance, upon the argument that there was no intention to reflect upon the respondents, and that the bill was drawn in accordance with approved forms, and it was insisted that the averments of the answer excepted to did not touch the merits of the cause, which was not intended to be adversary, but merely for the construction of the will and the ascertainment of the rights of the complainant. Nevertheless the averments are in the bill, and, being there, the respondents have a right to answer them fully. Originally a bill in equity consisted of nine parts, of which there were five principal parts, to-wit, the statement, the charges, the interrogatories, the prayer of relief, and the prayer of process. But all these, according to more recent authorities, may be dispensed with excepting the stating part and the prayer for relief; for, as Langdell in his hand-book on Equity Pleadings states:

"All that was ever essential to a bill was a proper statement of the facts which the plaintiff intended to prove, a specification of the relief which he claimed, and an indication of the legal grounds of such relief." Section 55.

Had the bill been confined to these limits, as it might have been, there would have been no occasion for the answers to which the exceptions are directed; but, as it was not so limited, and as the answers do not go beyond what is responsive to the bill, the exceptions will be overruled, without taking into consideration whether the matters set forth in the portions of the answer to which the exceptions are taken are material to the final disposition of the cause.